JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES -- GENERAL

Case No.   **CV 16-8441-JFW (GJSx)**                                         Date: January 13, 2017

Title:        Richard Ventura, et al. *-v-* Government Employees Insurance Company (GEICO)

**PRESENT:**

      **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| Shannon Reilly | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

**ATTORNEYS PRESENT FOR PLAINTIFFS:**    **ATTORNEYS PRESENT FOR DEFENDANTS:**
    None                                                None

**PROCEEDINGS (IN CHAMBERS):**   **ORDER DENYING PLAINTIFFS' MOTION TO REMAND [filed 12/15/16; Docket No. 15]; and**

**ORDER GRANTING MOTION TO COMPEL UIM ARBITRATION AND TO DISMISS OR, ALTERNATIVELY, STAY ACTION PENDING COMPLETION OF UIM ARBITRATION BY DEFENDANT GOVERNMENT EMPLOYEES INSURANCE COMPANY ("GEICO") [filed 12/19/16; Docket Nos. 16 and 17]**

      On December 15, 2016, Plaintiffs Richard Ventura and Phyllis Ventura (collectively, "Plaintiffs")  filed a Motion to Remand.  On December 30, 2016, Defendant Government Employees Insurance Company ("GEICO") filed an Opposition.  On December 19, 2016, GEICO filed a Motion to Compel UIM Arbitration and to Dismiss or, Alternatively, Stay Action Pending Completion of UIM Arbitration ("Motion to Compel Arbitration").  Plaintiffs did not file an Opposition.  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.  The hearing calendared for January 23, 2017 is hereby vacated and the matter taken off calendar. After considering the moving and opposing papers, and the arguments therein, the Court rules as follows:

**I.       Factual and Procedural History**

      On August 24, 2016, Plaintiffs filed a Complaint in Los Angeles Superior Court against GEICO.  On November 14, 2016, GEICO removed this action to this Court, alleging that this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a).

Initials of Deputy Clerk   sr

**II.     Motion to Remand**

A motion to remand is the proper procedure for challenging removal.  *See N. Cal. Dist. Council of Laborers v. Pittsburgh-Des Moines Steel Co.*, 69 F.3d 1034, 1038 (9th Cir.1995).  The removal statute is strictly construed, and any doubt about the right of removal is resolved in favor of remand.  *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992); *see also Prize Frize, Inc. v. Matrix, Inc.*, 167 F.3d 1261, 1265 (9th Cir.1999).  Consequently, if a plaintiff challenges the defendant's removal of a case, the defendant bears the burden of establishing the propriety of the removal.  *See Gaus*, 980 F.2d at 566; *see also Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir.1996) (citations and quotations omitted) ("Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."*)*.

In their Motion to Remand, Plaintiffs argue that this action should be remanded to Los Angeles Superior Court because the amount in controversy does not exceed $75,000.  However, in the Complaint, Plaintiffs clearly state that "[a]s a direct and proximate result of the breach by Defendant GEICO, Plaintiff VENTURA has suffered damages of no less than $75,000."  Complaint, ¶ 23.  In addition, Plaintiffs' Statement of Damages claim $1.2 million in damages.  December 30, 2016 Declaration of Suzanne Y. Badawi [Docket No. 19-1], Exh. 1.  Therefore, the Court concludes that the amount in controversy does exceed $75,000, and this Court has subject matter jurisdiction over this action.  Accordingly, Plaintiffs' Motion to Remand is **DENIED**.

**III.    Motion to Compel Arbitration**

Pursuant to Local Rule 7-9, Plaintiffs were required to file and serve their Opposition or Notice of Non-Opposition "not later than twenty-one (21) days before the date designated for the hearing of the motion."  *See* Local Rule 7-9.  Local Rule 7-12 provides that "[t]he failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting . . . of the motion."  *See* Local Rule 7-12.  As of January 12, 2017, Plaintiffs have not filed an Opposition to GEICO's Motion to Compel Arbitration.  Pursuant to Local Rule 7-12, the Court deems Plaintiffs' failure to file an Opposition or to otherwise comply with Local Rule 7-9 as consent to the granting of GEICO's Motion to Compel Arbitration.

Accordingly, GEICO's Motion to Compel Arbitration is **GRANTED**, and the Court **DISMISSES** this action **without prejudice**.

**IV.    Conclusion**

For all the foregoing reasons, Plaintiffs' Motion to Remand is **DENIED**, and GEICO's Motion to Compel Arbitration is **GRANTED**.  The Court **DISMISSES** this action **without prejudice**.  In light of this Order, the Court **VACATES** its January 12, 2017 Text Entry Order.

IT IS SO ORDERED.